IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

Jack Creekmore III,

 *Plaintiff,*

 v.

Experian Information Solutions, Inc.,

 *Defendant.*

Case No.: _____

Division:  Lakeland

Ad Damnum: $34,000 + costs and fees

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, **Jack Creekmore III ("Mr. Creekmore")**, by and through his attorneys, Scraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc. ("Experian")**, stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Creekmore against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Mr. Creekmore's FCRA claims pursuant to 15 U.S.C. § 1681p and Section 26.012, Florida Statutes.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Pursuant to Section 47.051, Florida Statutes, venue is proper in Polk County because the acts complained of were committed and / or caused by Defendant within Polk County.

## PARTIES

5.      Mr. Creekmore is a natural person residing in Polk County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.      Experian is an Ohio corporation, with a primary business address of **475 Anton Blvd., Costa Mesa CA 92626.**

7.      Experian is registered to conduct business in the State of Florida as a Foreign Corporation, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

8.      Experian is a *Consumer Credit Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that Experian, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, while using means of interstate commerce, specifically the U.S. mail and internet, for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

### False "second" Chapter 7 Bankruptcy

9.      In September 2015, Mr. Creekmore filed for relief under Chapter 7 of the United States Bankruptcy Code ("Chapter 7").

10.     Mr. Creekmore's debts were discharged in December 2015. **SEE PLAINTIFF'S EXHIBIT A.**

11.     Experian included Mr. Creekmore's December 2015 bankruptcy in the "public records" section of reports it sold about Mr. Creekmore.

12.     Further, Mr. Creekmore's Experian's October 1, 2018 consumer disclosure shows a tradeline reported by Verizon Wireless ("Verizon"), with a notation stating "Debt included in Chapter 7 Bankruptcy on Sept 24, 2015." **SEE PLAINTIFF'S EXHIBIT B.** (Emphasis added).

13.     A debtor cannot receive a second discharge of a debt in Chapter 7 bankruptcy if the debtor has been granted a discharge in a Chapter 7 bankruptcy in a case commenced within 8 years of the date of the filing of the petition. 11 U.S.C. § 727(a)(8).

14.     Thus, Mr. Creekmore could not be granted a second discharge of the Verizon debt via Chapter 7 bankruptcy until 2023.

15.     Mr. Creekmore has not filed for Chapter 7 Bankruptcy since September 2015.

16.     Despite this, Mr. Creekmore's Experian consumer disclosure from December 29, 2018 contains the same Verizon tradeline, with the account notation now reading "Debt included in Chapter 7 Bankruptcy on November 30, 2018." **SEE PLAINTIFF'S EXHIBIT C.** (Emphasis added).

17.     Experian knew, or should have known, from its prior disclosures and reports, that Mr. Creekmore did not file for Chapter 7 bankruptcy on November 30, 2018.

18.     Further, on information and belief, Verizon did not report that the debt was included in any Chapter 7 filing in 2018.

## False "second" Social Security Number

19.     Mr. Creekmore's Social Security number ("SSN") is XXX-XX-2893 (redacted for security).

20.     Mr. Creekmore has had the same SSN his entire life and has not obtained, nor used, any alternate SSNs.

21.    Experian, in its reports regarding Mr. Creekmore that it sells to lenders, indicates that he has more than one SSN, *i.e.*, an "alternate" SSN.

22.    The reports sold to lenders or third parties contain the full nine-digit "alternate" SSNs.

23.    However, Experian's October 2018 and December 2018 disclosures to Mr. Creekmore show a second, partially-redacted, "alternate" SSN, ending in 2586. **SEE PLAINTIFF'S EXHIBITS B and C.**

24.    Although Experian disclosed the full 9-digits of the alternate SSNs to lenders and third parties, it only provided a truncated version to Mr. Creekmore on his consumer disclosures.

25.    The fact that Experian redacted the alternate SSNs suggests that Experian believed that the alternate SSN did not belong to Mr. Creekmore.

26.    Despite such concerns, Experian incorporated this information into the reports it sold regarding Mr. Creekmore to other recipients of his reports.

27.    The presence of multiple SSNs influences Mr. Creekmore's potential creditors by raising suspicion that he is involved in credit fraud, using an alternative SSN.

28.    Despite Experian's failure to provide him with the information, Mr. Creekmore learned the full SSN, which he allegedly used, after his mortgage lender, The Mortgage Firm, Inc., shared a copy of the credit report it obtained from Experian. **SEE PLAINTIFF'S EXHIBIT D.**

29.    The report sold to The Mortgage Firm, Inc., contained the full 9-digit SSN, 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.

30.    Records from the Social Security Administration ("SSI") indicate SSNs beginning with the prefix "385" and a series number of "58" were issued by the *State of Michigan in 1968.*

31.    Mr. Creekmore was born in Florida in 1981.

32.     Logically, someone born in 1981 in Florida could not have an SSN issued more than a decade prior to his birth.

33.     Experian thus knew, or should have known, that the alternate SSN was not Mr. Creekmore's.

34.     Experian frequently sells reports concerning consumers, claiming they have more than one SSN, even though it knows that, in the vast majority of circumstances, the consumer does not have more than one SSN.

35.     Experian thus knows of this flaw in its disclosure procedures regarding the frequent appearance of multiple unsourced SSNs.

36.     Despite knowing of this shortcoming in its procedure and the negative effect it has on consumers, Experian continues to produce errant disclosures which it provides to consumers and lenders.

### Experian's Duties under the FCRA

37.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Creekmore's requests for his consumer disclosures, Experian was required to "clearly and accurately" disclose all of the information in Mr. Creekmore's file at the time of request, with the limited exception that the consumer's Social Security number could be truncated upon request.

38.     Despite its legal duty, Experian's disclosures to Mr. Creekmore contained information which was <u>materially</u> false – the indication of a second Chapter 7 Bankruptcy and the alternate SSN.

39.     Similarly, Experian included information which was not actually in Mr. Creekmore's credit file – a second Chapter 7 Bankruptcy, which, on information and belief, was not reported by Verizon.

40.   A consumer disclosure "must be made in a manner sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in (his) credit file." *Gillespie v Equifax Information Services, LLC*, 484 F.3d 938, 947 (7th Cir. 2007).

41.   The primary purpose of the FCRA's disclosure requirement is to "allow consumers to identify inaccurate information in their credit files and correct this information." *Id.*

42.   The willful insertion of fabricated and alarming information, such as the filing of Chapter 7 Bankruptcy, into a consumer credit disclosure inhibits, rather than informs, a consumer's ability to compare the disclosed information in his file against the consumer's own information.

43.   Experian failed to list any source of information upon which it relied to determine that a Chapter 7 filing had occurred on November 30, 2018, despite a requirement to disclose such sources. 15 U.S.C. § 1681g(a)(2).

44.   Experian similarly failed to disclose any source on which it relied to determine that Mr. Creekmore had two SSNs, one of which was issued by the state of Michigan prior to Mr. Creekmore's birth.

45.   Experian's failure to disclose its sources for this false information, as well as its failure to include the *entire*, unredacted alternate SSN in Mr. Creekmore's consumer disclosure, impeded his ability to investigate the veracity of this information.

46.   The receipt of false and/or misleading information in itself injures a consumer sufficiently to confer standing. *See, e.g. Bordeaux v. LTD Fin. Servs., L.P.*, Civil No. 2:16-0243 (KSH) (CLW) (D.N.J. Dec. 28, 2017).

47.     Experian's inclusion of a false second SSN and indication of a second Chapter 7 bankruptcy in Mr. Creekmore's consumer disclosure thus caused an injury-in-fact to Mr. Creekmore.

48.     The FCRA, 15 U.S.C. § 1681e(b), imposes a duty of reasonable care on CRAs to assure the maximum possible accuracy of information in a report. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

49.     Experian's inclusion of an alternate SSN and a legally-impossible Chapter 7 Bankruptcy, without any credible evidence in support of such claims, is patently unreasonable.

50.     Records show that Experian sold reports regarding Mr. Creekmore at least *thirty-two* (32) times to third parties containing the false Verizon tradeline and/or the false "second" SSN. **SEE PLAINTIFF'S EXHIBIT E.**

## Violation of 15 U.S.C. § 1681c-1(i)(5)

51.     Pursuant to 15 U.S.C. §§ 1681c-1(i)(5) and 1681g, Experian was required, in its consumer disclosures to Mr. Creekmore on October 1, 2018 and December 29, 2018, to inform him of his right to a security freeze, in a form substantially similar to the disclosure in **PLAINTIFF'S EXHIBIT F.**

52.     The required disclosures in 15 U.S.C. § 1681c-1(i)(5) are not present in either of Experian's consumer disclosures to Mr. Creekmore.

53.     In lieu of providing the required disclosures, Experian provides a link to a separate webpage that contains a summary of certain rights pursuant to Florida state law. **SEE PLAINTIFF'S EXHIBIT G.**

54.     The link provided by Experian is inconspicuous, in small font and grouped at the end of the disclosure with links to other state's consumer rights.

55.     Experian thus failed to include the mandatory disclosures pursuant to 15 U.S.C. §§ 1681c-1(i)(5) and 1681g regarding a consumer's right to a security freeze in its consumer disclosures to Mr. Creekmore on October 1, 2018 and December 29, 2018.

56.     Mr. Creekmore has hired the undersigned law firm to represent him in this matter, has assigned to it his right to recover its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FCRA

57.     Mr. Creekmore adopts and incorporates paragraphs 1 - 56 as if fully stated herein.

58.     Experian violated 15 U.S.C. § **1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy in its consumer reports by claiming, in reports it sold concerning Mr. Creekmore: (i) that he had / used "two" SSNs, one of which was issued 13 years before he was born; and, (ii) that he filed a second Chapter 7 Bankruptcy in November 2018, when this was not true.

59.     Experian violated 15 U.S.C. § **1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of its reports by incorporating "alternate" SSNs into Mr. Creekmore's credit file without providing the source or complete number for consumer verification and by indicating that Mr. Creekmore filed a second Chapter 7 Bankruptcy in November 2018.

60.     Experian violated 15 U.S.C. § **1681g(a)(2)** when it failed to provide the source(s) of information for the alternative SSN and a second Chapter 7 Bankruptcy in its consumer disclosures to Mr. Creekmore, despite its obligation to disclose these sources per the FCRA.

61.     Experian violated 15 U.S.C. § 1681c-1(i)(5) when it failed to provide a disclosure of Mr. Creekmore's right to place a security freeze on his credit report in its disclosures to Mr. Creekmore on October 1, 2018 and December 29, 2018.

62.     Experian's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm Mr. Creekmore.

63.     Experian disseminated clearly inaccurate information, information which it knew or should have known was patently false and misleading, to multiple parties.

64.     As a result of its conduct, Experian is liable to Mr. Creekmore pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence,* and other relief.

**WHEREFORE,** Mr. Creekmore respectfully requests this Honorable Court enter judgment against Experian for:

a.   The greater of statutory damages of **$1,000.00** per incident (for a total of **$36,000**) pursuant to 15 U.S.C. § 1681n(a)(1)(A) or Mr. Creekmore's actual damages for loss of credit opportunities and related economic and non-economic injuries pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on March 8, 2019 by:

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar # 119168

**SERAPH LEGAL, P.A.**
**2002 E. 5th Avenue, Suite 104**
**Tampa, FL 33605**
**(813) 321-2348**
**BGeiger@SeraphLegal.com**
**Attorney for Plaintiff**

## EXHIBIT LIST

A   **Discharge in Chapter 7 Bankruptcy, December 2015**
B   **Plaintiff's Experian Consumer Disclosure, October 1, 2018, Excerpt**
C   **Plaintiff's Experian Consumer Disclosure, December 29, 2018, Excerpt**
D   **Report Sold by Experian Regarding Plaintiff, September 20, 2018, Excerpt**
E   **Plaintiff's Experian Consumer Disclosure, December 29, 2018, Inquiries Excerpt**
F   **Summary of Rights Contained in 15 U.S.C. § 1681c-1(i)(5)**
G   **Plaintiff's Experian Consumer Disclosure, December 29, 2018, Consumer Disclosure Links**

# EXHIBIT A
## Discharge in Chapter 7 Bankruptcy, December 2015

Case 8:15-bk-09710-KRM   Doc 15   Filed 12/29/15   Page 1 of 2

B18J (Form 18J) (08/07)

## United States Bankruptcy Court

### Middle District of Florida

Case No. 8:15-bk-09710-KRM

Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Jack Ray Creekmore III
Lakeland, FL 33810

Social Security No.:
xxx–xx–

Employer's Tax I.D. No.:

## DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtors are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: December 29, 2015

_____
K. Rodney May
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

# EXHIBIT A
## Discharge in Chapter 7 Bankruptcy, December 2015

FORM B18J continued (08/07)

### EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A JOINT CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtors. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

#### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

#### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

#### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

# EXHIBIT B
## Plaintiff's Experian Consumer Disclosure, October 1, 2018, Excerpt



10/1/2018

Experian - Access your credit report

**Account name**
TD BANK USA/TARGETCREDIT

**Account number**

**Recent balance**
Not reported

**Date opened**
08/2008

**Status**
Discharged through Bankruptcy Chapter 7.

PO BOX 673
MINNEAPOLIS, MN 55440
888 755 5856
**Address identification number**
0734478535

**Type**
Credit card
**Terms**
NA
**On record until**
Oct 2019

**Credit limit or original amount**
$200
**High balance**
$457
**Monthly payment**
$0
**Recent payment amount**
Not reported

**Date of status**
05/2015
**First reported**
07/2008
**Responsibility**
Individual

**Account history**

, Mar 2013 to Aug 2015
150 days past due as of Feb 2013
120 days past due as of Jan 2013
90 days past due as of Dec 2012
60 days past due as of Nov 2012
30 days past due as of Oct 2012
Debt included in Chapter 7 Bankruptcy on Sept 24, 2015

**Account name**
VERIZON WIRELESS

**Account number**

**Recent balance**
Not reported

**Date opened**
03/2012

**Status**
Discharged through Bankruptcy Chapter 7.

PO BOX 650051
DALLAS, TX 75265
800 652 1922
**Address identification number**
0734478535

**Type**
Cell Phone
**Terms**
1 Months
**On record until**
Aug 2020

**Credit limit or original amount**
Not reported
**High balance**
$1,606
**Monthly payment**
$0
**Recent payment amount**
Not reported

**Date of status**
09/2015
**Responsibility**
Individual

Debt included in Chapter 7 Bankruptcy on Sept 24, 2015

# EXHIBIT C
## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Excerpt



12/29/2018                              Experian - Access your credit report

Payment history guide

. Mar 2013 to Aug 2015
150 days past due as of Feb 2013
120 days past due as of Jan 2013
90 days past due as of Dec 2012
60 days past due as of Nov 2012
30 days past due as of Oct 2012
Debt included in Chapter 7 Bankruptcy on Sept 24, 2015

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| VERIZON WIRELESS | | Not reported | 03/2012 | Discharged through Bankruptcy Chapter 7. |
| PO BOX 650051 DALLAS, TX 75265 800 652 1922 Address identification number 0734476535 | Type Cell Phone Terms 1 Months On record until Aug 2020 | Credit limit or original amount $1,608 High balance $1,608 Monthly payment $0 Recent payment amount Not reported | Date of status 11/2018 Responsibility Individual | Comment Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |

• Dispute

Payment history guide

Debt included in Chapter 7 Bankruptcy on Nov 30, 2018

# EXHIBIT D
## Report Sold by Experian Regarding Plaintiff, September 20, 2018, Excerpt



# EXHIBIT E
## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Inquiries Excerpt



12/29/2018                                        Experian - Access your credit report

**Credit Inquiries**

We make your credit history available to your current and prospective creditors and employers as allowed by law. Personal data about you may be made available to companies whose products and services may interest you. As required by the Fair Credit Reporting Act, we display those requests for your credit history as a record of fact.

Inquiries shared with others ⑦

| | Date of request 10/05/2018 | + Options |
| | Date of request 09/20/2018 | + Options |
| | Date of request 04/23/2018 | + Options |
| | Date of request 04/23/2018 | + Options |
| | Date of request 03/23/2018 | + Options |
| | Date of request 07/04/2017 | + Options |
| | Date of request 06/05/2017 | + Options |
| | Date of request 06/05/2017 | + Options |
| | Date of request 05/23/2017 | + Options |
| | Date of request 05/23/2017 | + Options |
| | Date of request 05/08/2017 | + Options |
| | Date of request 05/08/2017 | + Options |
| | Date of request 05/08/2017 | + Options |

https://www.experian.com/ncaconline/dispute                                        10/22

# EXHIBIT E

## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Inquiries Excerpt

[redacted]

Date of request
05/08/2017

+ Options

Date of request
05/08/2017

+ Options

Date of request
04/29/2017

+ Options

Date of request
03/01/2017

+ Options

Date of request
02/24/2017

+ Options

Inquiries shared only with you (?)

Date of request(s)

+ Options

| | | |
|---|---|---|
| 12/29/2018 | 12/08/2018 | 11/04/2018 |
| 12/28/2018 | 12/03/2018 | 10/25/2018 |
| 12/24/2018 | 12/02/2018 | 10/23/2018 |
| 12/20/2018 | 11/22/2018 | 10/14/2018 |
| 12/18/2018 | 11/15/2018 | 10/09/2018 |
| 12/14/2018 | 11/11/2018 | |
| 12/11/2018 | 11/08/2018 | |

Date of request(s)

+ Options

| | | |
|---|---|---|
| 12/20/2018 | 12/07/2018 | 11/15/2018 |
| 12/28/2018 | 12/03/2018 | 11/11/2018 |
| 12/20/2018 | 12/02/2018 | 11/06/2018 |
| 12/18/2018 | 11/29/2018 | 11/04/2018 |
| 12/14/2018 | 11/28/2018 | 10/28/2018 |
| 12/11/2018 | 11/20/2018 | 10/14/2018 |
| 12/10/2018 | 11/17/2018 | 10/09/2018 |

Date of request(s)

+ Options

| | | |
|---|---|---|
| 12/28/2018 | 12/01/2018 | 11/08/2018 |
| 12/27/2018 | 11/14/2018 | 11/01/2018 |
| 12/10/2018 | 11/13/2018 | 10/09/2018 |
| 12/02/2018 | 11/10/2018 | 09/20/2018 |

Date of request(s)
12/13/2018

+ Options

Date of request(s)

+ Options

| | | |
|---|---|---|
| 12/12/2018 | 10/06/2018 | 09/26/2018 |
| 12/03/2018 | 10/01/2018 | |
| 11/09/2018 | 09/29/2018 | |
| 10/09/2018 | 09/27/2018 | |

Date of request(s)
11/27/2018

+ Options

Date of request(s)
11/19/2018

+ Options

Date of request(s)
11/16/2018

+ Options

Date of request(s)
11/09/2018

+ Options

Date of request(s)
11/09/2018 07/24/2018

+ Options



# EXHIBIT E

## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Inquiries Excerpt

10/10/2018
09/21/2018
09/04/2018

[redacted]

Date of request(s)
10/09/2018
+ Options

Date of request(s)
10/09/2018
09/20/2018
+ Options

Date of request(s)
10/09/2018
+ Options

Date of request(s)
10/09/2018
+ Options

Date of request(s)
09/26/2018
+ Options

Date of request(s)
09/21/2018
+ Options

Date of request(s)
09/21/2018
+ Options

Date of request(s)
08/22/2018
+ Options

Date of request(s)
07/16/2018
+ Options

Date of request(s)
07/07/2018
+ Options

Date of request(s)
06/22/2018
+ Options

Date of request(s)
06/07/2018
+ Options

Date of request(s)
05/16/2018
+ Options

Date of request(s)
04/25/2018
06/13/2017
05/17/2017
04/04/2017
03/07/2017
02/06/2017
01/09/2017
12/02/2016
+ Options

Date of request(s)
04/04/2018
+ Options

Date of request(s)
03/15/2018
+ Options

Date of request(s)
02/17/2018
+ Options



# EXHIBIT E

## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Inquiries Excerpt

12/29/2018 Experian - Access your credit report

[redacted]

Date of request(s)

02/15/2018
02/01/2018
12/29/2017

• Options

Date of request(s)

01/11/2018

• Options

Date of request(s)

12/29/2017

• Options

Date of request(s)

12/07/2017

• Options

Date of request(s)

07/22/2017
05/07/2017

• Options

Date of request(s)

07/12/2017
06/14/2017
05/16/2017
04/19/2017
03/30/2017

• Options

Date of request(s)

06/22/2017

• Options

Date of request(s)

06/11/2017

• Options

Date of request(s)

06/05/2017

• Options

Date of request(s)

06/03/2017

• Options

Date of request(s)

05/30/2017

• Options

Date of request(s)

05/27/2017

• Options

Date of request(s)

05/07/2017

• Options

Date of request(s)

04/13/2017

• Options

Date of request(s)

02/24/2017
01/31/2017
12/01/2016

• Options

Date of request(s)

12/20/2016

• Options

Date of request(s)

12/01/2016

• Options

back to top

https://www.experian.com/ncaconline/dispute 19/22



# EXHIBIT F
## Summary of Rights Contained in 15 U.S.C. § 1681c-1(i)(5)

(5) Notice of rights

At any time a consumer is required to receive a summary of rights required under section 1681g of this title, the following notice shall be included:

"Consumers Have the Right To Obtain a Security Freeze

"You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

"As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

"A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.".

# EXHIBIT G
## Plaintiff's Experian Consumer Disclosure, December 29, 2018, Consumer Disclosure Links

Notification of Rights
Notification of Rights for Alabama Consumers
Notification of Rights for Alaska Consumers
Notification of Rights for Arkansas Consumers
Notification of Rights for California Consumers
California Notice of Your Rights to Request and Obtain Your Credit Score
Notification of Rights for Colorado Consumers
Notification of Rights for Connecticut Consumers
Notification of Rights for Delaware Consumers
Notification of Rights for District of Columbia Consumers
Notification of Rights for Florida Consumers
Notification of Rights for Georgia Consumers
Notification of Rights for Indiana Consumers
Notification of Rights for Maryland Consumers
Notification of Rights for Massachusetts Consumers
Notification of Rights for Missouri Consumers
Notification of Rights for Montana Consumers
Notification of Rights for Nevada Consumers
Notification of Rights for New Hampshire Consumers
Notification of Rights for New Jersey Consumers
Notification of Rights for New Mexico Consumers
Notification of Rights for New York Consumers
Notification of Rights for North Carolina Consumers
Notification of Rights for North Dakota Consumers
Notification of Rights for Ohio Consumers
Notification of Rights for Oklahoma Consumers
Notification of Rights for Puerto Rico Consumers
Notification of Rights for Rhode Island Consumers
Notification of Rights for Tennessee Consumers
Notification of Rights for Texas Consumers
Notification of Rights for Vermont Consumers
Notification of Rights for Virginia Consumers

https://www.experian.com/ncaconline/disputer

12/29/2018                           Experian - Access your credit report

Notification of Rights for Washington Consumers
Notification of Rights for West Virginia Consumers
Notification of Rights for Wisconsin Consumers